**2016 UT App 204**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF E.R.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

W.J.R.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160564-CA
Filed September 29, 2016

Third District Juvenile Court, Salt Lake Department
The Honorable Charles D. Behrens
No. 1048062

W.J.R., Appellant Pro Se

Sean D. Reyes and Carol L.C. Verdoia, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
JILL M. POHLMAN.

PER CURIAM:

¶1     W.J.R. (Mother) appeals the June 17, 2016 order dismissing her "Motion for Custody, New Hearing, and Relief from Both 3/18/16 Orders." We affirm.

¶2     On March 18, 2016, the juvenile court granted permanent custody and guardianship of E.R. to the child's proctor parents pursuant to Utah Code section 78A-6-117(2)(y). *See* Utah Code Ann. § 78A-6-117(2)(y)(i) (LexisNexis Supp. 2016). Mother filed a

timely appeal, which she voluntarily dismissed in April 2016 in *In re E.R.*, Case No. 20160258-CA. On June 8, 2016, Mother filed the "Motion for Custody, New Hearing, and Relief from Both 3/18/16 Orders", in which she sought restoration of her custody of E.R. On June 17, 2016, the juvenile court dismissed the motion based upon Utah Code section 78A-6-1103(3)(b), which provides, "A parent may not file a petition for restoration of custody under this section during the existence of a permanent guardianship established for the child under Subsection 78A-6-117(2)(y)." Utah Code Ann. § 78A-6-1103(3)(b) (LexisNexis Supp. 2016). Mother appeals that dismissal order.

¶3 Section 78A-6-117(2)(y)(i) authorizes the juvenile court to "enter an order of permanent custody and guardianship with an individual or relative of a child where the juvenile court has previously acquired jurisdiction as a result of an adjudication of abuse, neglect, or dependency." *Id.* § 78A-6-117(2)(y)(i). An order of permanent guardianship "shall remain in effect until the child reaches majority," *id.* § 78A-6-117(2)(y)(ii)(A), and "may be modified by petition or motion as provided in Section 78A-6-1103," *id.* § 78A-6-117(2)(y)(ii)(C). However, section 78A-6-1103(3)(b) precludes a parent from petitioning to restore custody where "a permanent guardianship [has been] established for the child under Subsection 78A-6-117(2)(y)." *Id.* § 78A-6-1103(3)(b). Mother's motion seeking to restore custody of E.R. to her was specifically precluded by section 78A-6-1103(3)(b), and the juvenile court did not err in dismissing the motion.

¶4 To the extent that Mother's motion sought relief under rule 60(b) of the Utah Rules of Civil Procedure, the juvenile court also did not err in denying it. The juvenile court announced the decision to establish a permanent guardianship on March 15, 2016, and entered its written Minutes, Findings and Order on March 18, 2016. Mother filed motions to reconsider on March 15, 2016 and April 1, 2016, neither of which invoked rule 60(b) or claimed surprise with regard to the March 7 evidentiary hearing.

Furthermore, although Mother filed a timely direct appeal from the March 18, 2016 order establishing a permanent guardianship that would have provided an avenue to address her claims of procedural irregularity, she chose to voluntarily dismiss that appeal in *In re E.R.*, Case No. 20160258-CA.[1] This court dismissed an appeal of the April 19, 2016 denial of her motions to reconsider based upon Mother's failure to file a petition on appeal in *In re E.R.*, Case No. 20160378-CA. On June 8, 2016, Mother filed the motion for custody, citing rule 60(b) and claiming surprise with reference to the March 7, 2016 hearing, which time was set during a January 28, 2016 hearing that Mother attended. The June 8, 2016 motion for custody was essentially Mother's third request for relief from the March 18, 2016 order establishing a permanent guardianship. The claim of surprise could have been raised in either of her previous motions or in her direct appeal. *See Robinson v. Baggett*, 2011 UT App 250, ¶ 23, 263 P.3d 411 ("As a general rule, parties should allege all known grounds for relief in one motion for relief from judgment under rule 60(b)."). Under these circumstances, the juvenile court did not err in denying the purported rule 60(b) motion for relief from judgment.

¶5     Affirmed.

————————

1. Mother may have mistakenly believed that the recusal of the original juvenile court judge authorized her to challenge the juvenile court's previous orders. She stated in her June 8, 2016 motion for custody that the previous judge "has chosen to make a way for this to happen, for she recused herself from this case so that custody of [E.R.] could be returned back to myself." The order of recusal had no bearing on any aspect of this case other than on which judge would be assigned to the case in the future; it did not suspend, modify, or alter the previous order establishing a guardianship.